1  Michael St. James, CSB No. 95653
   ST. JAMES LAW, P.C.
2  22 Battery Street, Suite 888
   San Francisco, California  94111
3  (415) 391-7566 Telephone
   (415) 391-7568 Facsimile
4  michael@stjames-law.com

5  Proposed Counsel for Debtor

6

7                 UNITED STATES BANKRUPTCY COURT

8            FOR THE NORTHERN DISTRICT OF CALIFORNIA

9

10  In re                              )    Case No.  16-31325 HLB
                                       )    Chapter 11
11  WRAP MEDIA, LLC                    )
                                       )
12                  Debtor.            )
                                       )
13                                     )
    In re                              )    Case No.  16-31326 HLB
14                                     )    Chapter 11
    WRAP MEDIA, INC.                   )
15                                     )
                    Debtor.            )
16                                     )
                                       )
17  ☐    Affects LLC                   )
    ☐    Affects Inc.                  )
18  ☒    Affects BOTH DEBTORS          )
                                       )
19 ─────────────────────────────────── )

20

21                      BORROWING MOTION

22

23

24        COME NOW Wrap Media, LLC and Wrap Media, Inc, Debtors and Debtors in Possession, and

25  move the Court for an Order authorizing the borrowing of up to $350,000 on an interim basis and up to

26  $3 million on a final basis, and in support thereof respectfully submit as follows;

27        1.    On December 10, 2016, the Debtors filed voluntary petitions for reorganization under

28  Chapter 11 of the Bankruptcy Code.  No trustee has been appointed, and the Debtors operate their

1   business as Debtors in Possession pursuant to 11 U.S.C. §1101 et seq.

2      2.     The Debtors market their technology as software as a service.  The Debtor's technology is a mobile messaging and engagement platform that improves the mechanism and results of business to business and business to consumer sales, marketing and customer service – a software category known as customer relationship management - CRM.

     3.     The Debtors anticipate using Chapter 11 to recapitalize their business or to effect its sale as a going concern.  The Debtors expect this to occur over approximately the next four months.

     4.     Wrap Media, LLC is an operating company providing software as a service.  Wrap Media, LLC holds all of the assets of the enterprise, employs all of its personnel and conducts all of its operations.

     5.     Wrap Media, Inc.'s sole asset is an approximately 60% equity interest in Wrap Media, LLC.  Wrap Media, Inc. was the financing vehicle for the enterprise, raising several rounds of equity and obtaining $9.5 million of convertible debt financing.  Wrap Media, Inc. has no operations.  It has four creditors and a number of equity holders.

     6.     The Debtors jointly operated a single business, and for that reason are hereafter referred to in the singular.

     7.      Silicon Valley Bank ("SVB") holds a security interest in substantially all of the Debtor's assets *other than* its intellectual property ("SVB's Collateral").

     8.     SVB's Collateral consists of cash in the approximate amount of $300,000 held in various bank accounts (exclusive of restricted funds subject to a senior pledge to other creditors), accounts receivable, furniture and equipment, and other miscellaneous assets.  The Debtor has not undertaken a valuation of SVB's collateral.

     9.     As of the commencement of the case, SVB's debt was not in monetary default and SVB had not formally asserted any non-monetary default.

     10.     The Debtor has carefully protected its intellectual property rights, which it holds free and clear of all liens.  The Debtor holds 12 issued United States patents, another 5 that have been formally allowed by the United States Patent and Trademark Office (USPTO), and is prosecuting an additional 50 or so patent applications in the USPTO.  The Debtor's intellectual property and patent portfolio has very

BORROWING MOTION

2

substantial value and is potentially worth many millions of dollars, but in any event it is worth not less than $1 million.

11.     The Debtor's technology and employees have provided it with more than 30 customers, including marquee customers such as T-Mobile, Sprint, Cisco, NTT, Rogers, Salesforce and others, and a current annualized revenue stream of approximately $1 million.

12.     The Debtor requires material infusions of cash in order to continue to operate.

13.     The Debtor engaged in substantial efforts pre-petition to identify an alternative to the DIP Financing which would provide it with the funds necessary to sustain ongoing operations, but the Debtor has concluded that such an opportunity is not available.  The Debtor does not believe that financing on more favorable terms is available.  Indeed, although the Debtor is optimistic that it will be able to identify lenders who will subscribe to the full amount sought in connection with the DIP Financing, at present Mr. Greenberg, who is an insider, is the only lender who has committed to participate in the financing, and he has thus far only committed to loan up to $500,000.  The Debtor hopes to assemble the balance of the DIP Financing prior to the final hearing on the Motion.

14.     The foregoing factual basis for the relief sought is supported by the Declaration of Eric Greenberg in Support of First Day Motions.

15.     The terms of the proposed DIP Financing are set forth in the Secured Super-Priority Debtor-In-Possession Credit Agreement attached as an Exhibit to the accompanying Declaration of Michael St. James, which certifies compliance with the Court's Guidelines.

*Argument*

*A.    Relief Requested*

As contemplated by Rule 4001(c), the Debtor seeks emergency authority to borrow up to $200,000, if the final hearing is held in or before the first week of January, and $350,000 if the final hearing is held thereafter.  The final hearing can be held no earlier than 14 days after service of this Motion.

At the final hearing, the Debtor requests that it be authorized borrow up to $3 million.

The Debtor requires access to at least $1.5 million in new funds in order to operate through March or April, which is the likely time frame to complete a recapitalization or sale. The Debtor has attempted to raise those funds through some other alternative, but between rights of existing investors (liquidation preferences, anti-dilution protections, acquisition multipliers and "most favored nations" provisions) and the demands of SVB, there was no viable alternative.

### B.    Legal Authority

Section 364(b) provides, with respect to the borrowing sought in this motion, that

> The court, after notice and a hearing, may authorize the obtaining of creditor the incurring of debt—
>
> (1) with priority over any or all administrative expenses of the kind specified in section 503(b)or 507(b) of this title;
>
> (2) secured by a lien on property of the estate that is not otherwise subject to a lien; or
>
> (3) secured by a junior lien on property of the estate that is subject to a lien.

The statute prescribes no test for exercising the Court's authority, so as in other cases, application of a business judgment test would be appropriate. Here, the Debtor's business judgment in raising funds to pay for ongoing operations is reasonable, and should be sustained.

The instant DIP Financing is to be provided on the basis of an administrative super-priority, a lien on the previously unencumbered intellectual property, and a junior lien on all previously encumbered property, consistent with the language of the statute.

WHEREFORE, the Debtors pray that the Court make and enter its Order:

1.    Determining that, under the circumstances, further notice or an opportunity to be heard is unnecessary;

2.    Authorizing the Debtors, on an interim and final basis, to borrow funds pursuant to the DIP Financing to sustain ongoing business operations; and

1        3.      Granting such other and further relief as may be just and proper.

2   DATED:  December 11, 2016                    ST. JAMES LAW, P.C.

3

4                                                By:  /s/ *Michael St. James* .
                                                     Michael St. James
5                                                Proposed Counsel for Debtors

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

BORROWING MOTION                                                                          5