Michael St. James, CSB No. 95653
ST. JAMES LAW, P.C.
22 Battery Street, Suite 888
San Francisco, California 94111
(415) 391-7566 Telephone
(415) 391-7568 Facsimile
michael@stjames-law.com

Counsel for Debtors

# UNITED STATES BANKRUPTCY COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re<br><br>WRAP MEDIA, LLC<br><br>           Debtor. | Case No. 16-31325<br>Chapter 11 |
| In re<br><br>WRAP MEDIA, INC.<br><br>           Debtor. | Case No. 16-31326<br>Chapter 11<br><br>Status Conference |
| ☐ Affects LLC<br>☒ Affects Inc.<br>☐ Affects BOTH DEBTORS | DATE: September 14, 2017<br>TIME: 10:00 a.m.<br>JUDGE: Hon. Hannah L. Blumenstiel<br>COURT: 19 |

## STATUS REPORT

COMES NOW Wrap Media, Inc. (the "Debtor") and presents this Status Report for the information of the Court and creditors in connection with its Status Conference set for hearing on July 20, 2017 at 11:00 a.m. before the Honorable Hannah L. Blumenstiel, United States Bankruptcy Judge, in her Courtroom No. 17 located on the 16th Floor of the Federal Building, 450 Golden Gate Avenue, San Francisco, California.

1. On December 10, 2016, the Debtor filed a voluntary petition for reorganization under Chapter 11 of the Bankruptcy Code, initiating the above case. No Trustee has been appointed, and the Debtor operates as Debtor in Possession pursuant to 11 U.S. C. Section 1101 *et seq.*

2. On April 6, 2017, the Court granted the Debtor's oral motion to convert the case (the "Conversion Order").

3. On May 8, 2017, due to the pendency of a potential reorganization alternative, the Debtor filed its Motion for relief from the Conversion Order; Dkt #44. The Debtor renewed its Motion on July 3, 2017; Dkt #61.

4. On July 11, 2017, the Court entered its Order relieving the Debtor of the conversion ruling; Dkt #62.

5. InterPrivate, LLC has expressed interest in proposing a Plan of Reorganization in the Debtor's case. As of the prior Status Conference, InterPrivate reported that the principal gating issues had been successfully resolved, but a variety of detailed and specific issues remain to be resolved before it could begin preparing a Plan of Reorganization.

6. On September 5, 2017, InterPrivate advised that all issues and impediments had been resolved and that it expected to provide a draft Plan of Reorganization prior to the instant Status Conference.

7. Thereafter, on September 8, 2017, InterPrivate advised that Ahmed Fattouh, who was principally responsible for leading InterPrivate's efforts to prepare a Plan of Reorganization, and his wife had both been admitted to the hospital, apparently for emergency surgery. InterPrivate advised that this development would delay the Plan process perhaps 30 days, but that it did not expect the delay to prove material.

8. As the Debtor previously reported, it has advised InterPrivate that if it wishes to go forward with a reorganization, it must first fund a non-refundable deposit commensurate with the administrative expenses associated with the reorganization process.

9. The Debtor believes that the estate will suffer no harm if the reorganization process is further delayed. The only administrative claims likely to be accrued during that period are very limited

Case: 16-31326    Doc# 67    Filed: 09/11/17    Entered: 09/11/17 15:04:45    Page 2 of 3

attorney's fees.  If InterPrivate goes forward with the reorganization process, the Debtor believes the result will likely prove more favorable to creditors than a conversion.

WHEREFORE, the Debtor requests that the Court set a continued Status Conference as it deems appropriate and grant such other and further relief as may be just and proper.

Respectfully submitted,

DATED:  September 11, 2017  ST. JAMES LAW, P.C.

By:  /s/ *Michael St. James* .
　　　Michael St. James
　　Counsel for Debtor